# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JAWANN SHAUNTEZ HAYES,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00482 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **GREGORY WINSTON, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Jawann Shauntez Hayes, Pro Se Plaintiff.*

The plaintiff, a Virginia jail inmate, filed this civil rights action under 42 U.S.C. § 1983, alleging that jail officials were not providing him with adequate medical care. The court directed Hayes to file an amended complaint providing sufficient factual detail about what the defendants had done or failed to do that violated his constitutional rights. Hayes then filed his Amended Complaint. Hayes also filed a motion that the court construes as seeking preliminary injunctive relief to obtain medical care. The court directed jail officials to respond and they have done so. Upon review of these submissions, I conclude that Hayes's Amended Complaint must be summarily dismissed for failure to state a claim upon which relief can be granted. As such, his motion for interlocutory injunctive relief is moot.

In his Amended Complaint, Hayes names two defendants, Gregory Winston, the superintendent of New River Valley Regional Jail, and Lisa Ferguson, a registered nurse and director of the jail's medical department. He alleges that in July 2018, he was booked into the jail and was reviewed by its medical staff. Hayes told a nurse of his chronic medical problems and signed a release to allow staff to obtain his medical records. Hayes filed requests to see a doctor for migraines, other chronic illnesses, and medications. He alleges that he was placed on a list to see a provider on five occasions. but did not see one on four of these occasions. Am. Compl. 3, ECF No. 17. Hayes alleges that he was given Tylenol, which is not advised for him "because of [his] liver," that he was "subjected to endure . . . pain without relief," and to "unhealthy condition and violation of the American Disability Act [sic]."[1] *Id.* at 2-4. As relief in this action, Hayes seeks monetary damages and injunctive relief.[2]

---

[1] Hayes also alleges that he never received an answer to any of his grievances, except one. *Id.* at 4. He has no viable § 1983 claim for denial of access to the grievance procedures. *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017) ("[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure.").

[2] In addition, Hayes seeks release from confinement, based on his purported need for medical care and his inability to post bail. He is advised that release from confinement is not a form of relief available under § 1983. It is well established that an inmate may challenge the fact or duration of his detention based on federal constitutional grounds only by filing a petition for a writ of habeas corpus, after first exhausting available state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); 28 U.S.C. § 2254(b).

In his seeking to amend, Hayes states that after two requests to get his "glasses screws tightened," he has received no response. Mot. Am. 1, ECF No. 18. He asserts that because he suffers from glaucoma and cataracts, not having full use of his glasses puts him "at severe risk for more intense migraines" and limits his ability to read or conduct personal care. *Id.* at 1-2.

Although the court specifically directed Hayes to describe actions or omissions by each of the two defendants in violation of his constitutional rights, Hayes' has failed to do so, despite being given a second opportunity. *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks and citation omitted). Because Hayes still fails to state specific actions by the defendants that violated his constitutional rights, I will summarily dismiss with prejudice this action for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1). Because the case must be closed, I will also dismiss Hayes' motion seeking interlocutory injunctive relief as moot.[3]

---

[3] In any event, I do not find that Hayes is entitled to interlocutory injunctive relief. Because such relief is an extraordinary remedy, the plaintiff must show that he "is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

A separate order will be entered in accordance with this opinion.

DATED:  January 2, 2019

/s/  James P. Jones
United States District Judge

---

The defendants have provided sworn evidence that medical officials at the jail have responded in writing to each request that Hayes has submitted about medical concerns.  In addition, he has received care from nurses on several occasions.

A jail doctor examined Hayes on October 5, 2018, after he reported having been diagnosed with and treated in the past for lupus, fibromyalgia, and a history of back and neck surgeries.  The doctor's review of Hayes's records indicated diagnoses of chronic pain syndrome, bipolar disorder, fibromyalgia, and hepatitis C.  The records also showed a prior discontinuation of medications for lupus, no recent prescription for narcotics to treat fibromyalgia, and no test results confirming a diagnosis of lupus.  Nevertheless, Hayes insisted that he needed pain medication.

A nurse practitioner, Mary Cox, examined Hayes on November 20, 2018.  Cox noted that Hayes's current complaints were consistent with tension headaches, not migraines.  She prescribed two medications for pain and one for muscle relaxation and on November 27, 2018, directed Hayes to keep a headache log for two weeks to assist with identifying causes and treatment options.

Contrary to Hayes's conclusory assertions, the record does not show that jail employees have ignored his medical complaints.  Over the course of five months, he has received written responses to his requests for medical attention, evaluation of multiple medical records, pain medications, and physical examination and treatment plans by a doctor or nurse practitioner on at least two occasions.  Based on this record, I cannot find a substantial likelihood that Hayes will succeed on the merits of his underlying medical claims.  He simply has not shown that anyone at the jail knew of and disregarded any particular serious medical need.  *See Jackson v. Lightsey,* 775 F.3d 170, 178 (4th Cir. 2014) (only deliberate indifference to serious medical need presents potential constitutional violation); *Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992) (similar legal standard for pretrial detainee).  Hayes's mere disagreement with the medical staff about the frequency of medical examinations or the particular treatments provided is insufficient factual support for a § 1983 claim.  *See  Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review.").